Mr. Justice ThacheR,
delivered the opinion of the court.
This was an appeal from the judgment of the probate court of Jefferson county.
At the January term, 1843, John J. Cowden filed his original petition in said probate court, setting forth that James Cowden died in January, 1832, and that at the April term of that year of said court, an instrument, claimed to be'his will, was proved and probated, and letters testamentary granted to Ann H., the *89 widow of said James, rvho is also since deceased. This will disposed of the property by giving one third of the estate to the widow, and by dividing the other two thirds equally between the petitioner, who was a son of the testator by a first marriage, and William Yirginius, petitioner’s half brother, who died before his father, and Columbia E. Simpson, since intermarried with the appellee, Dobyns, and who was the daughter of said widow by a former husband. The petition sets forth that the petitioner has arrived at majority within three years, denies that the instrument probated at the April term, 1832,. of the probate court of Jefferson county, was intended as a will, and prays an issue thereon devisavit vel non. It also appears by the record, that at the time of the probate of the instrument in question, the guardian of the petitioner appeared and contested it in his behalf. To the petition a demurrer to the prayer and relief sought was filed and sustained by the court below.
The statutory provision which existed prior to the present constitution, «and which authorized any party interested, within a given time, to file his bill in chancery to set aside a will, has been declared by this court to be virtually repealed by the constitution. But the case of Cowden v. Cowden, 2 How. 806, determines that the subject-matter of this- bill is within the jurisdiction of the probate court. The same point was decided also in the case of Hamberlin et al. v. Terry's Ex'r. et al. 7 How. 143. This court then said, that “whilst the administration is there pending, the executor is always subject to the jurisdiction of the probate court. He may be superseded at any time, for good cause shown, and that court may inquire into the validity of a will, at the suggestion of any party interested, The first probate is a mere incipient step necessary to enable the court to adopt the means to carry it into execution, but it is not conclusive on heirs and distributees, and may be opened, and if necessary, 'set aside. If it be necessary to direct an issue devisavit vel non, that court has power, and can exercise it, by sending the case to the circuit court.” This court has furthermore decided at this term, in the case of Harris, Wright & Co. v. Jesse S. Brown's Adm’rs., that a bill of review does *90 not lie in the probate court. The petition in the case now under consideration is manifestly designed to obtain a re-probate of the will, and pursues the method known to the ecclesiastical courts of England, which, in the absence here of statutory proceedings, is necessarily in force in our probate courts.
The judgment of the court below is therefore reversed, the demurrer directed to be overruled, and the cause remanded for further proceedings.